UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN JAMAL JACKSON,

    Petitioner,

v.                                    Case Number 2:22-CV-12035
                                          HONORABLE PAUL D. BORMAN

JAMES SCHIEBNER,

    Respondent.
_____/

## OPINION AND ORDER (1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1), (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Alvin Jamal Jackson, ("Petitioner"), incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for possession with intent to deliver 50 grams to 449 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii), possession with intent to deliver less than 50 grams of hydrocodone, Mich. Comp. Laws § 333.7401(2)(a)(iv), failure to stop on direction of a police officer, second-degree fleeing, Mich. Comp. Laws § 257.602a(4)(a), receiving and concealing stolen property, firearms, Mich. Comp. Laws § 750.535, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, failing to stop at the scene of an accident resulting in personal injury, Mich. Comp. Laws

1

§ 257.617a, two counts of possession of a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b, two counts of failure to stop after a collision, Mich. Comp. Laws § 257.620, and being a fourth habitual offender, Mich. Comp. Laws § 769.12.  For the reasons that follow, the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

## I.

On August 14, 2017, Petitioner pleaded guilty to four felony counts of delivery of cocaine less than 50 grams, and one misdemeanor count of possession of marijuana. (ECF No. 9-3, PageID.135). The judge entered into a *Cobbs* agreement with Petitioner, stating he would sentence Petitioner to the bottom third of his sentencing guidelines range and consider county jail, probation, and treatment as part of his sentence. (*Id.,* PageID.136-37). After he pleaded guilty, Petitioner's bond was continued and his sentencing was scheduled for October 4, 2017, at 8:30 a.m. (*Id.,* PageID.146).

Following Petitioner's guilty plea, he was arrested on new charges which form the basis of the conviction Petitioner challenges in this petition.  The new incident occurred on August 30, 2017, a little over two weeks after his plea. (ECF No. 9-5, PageID.169).

On April 9, 2018, Petitioner's first attorney withdrew as counsel. (ECF No. 9-10, PageID.417-19).  The following week, Petitioner's new counsel sought an

2

adjournment in order to visit Petitioner in jail and to further discuss the case. (*Id.*, PageID.431).

At the next court date, trial counsel requested the judge to enter into a *Cobbs* agreement on the new charges. (ECF No. 9-10, PageID.437-438).  The judge discussed the case off the record with counsel and the prosecutor but ultimately indicated on the record that the court "was not willing to give a *Cobbs* evaluation as to these matters." (*Id.,* PageID.439).  Petitioner indicated to the judge that he wished to discuss the matter with his family. (*Id.*, PageID.440).  Petitioner told the judge that: "I was led to believe there was going to be something smaller than that. I didn't know it was going to be this big until like today." (*Id.*, PageID.440-41). The judge agreed to adjourn the case so that Petitioner could speak with his family. (*Id.,* PageID.441).  Before the pre-trial conference ended, the assistant prosecutor placed on the record that she calculated the sentencing guidelines range at 99 months to 320 months if Petitioner was convicted of the highest charge of possession with intent to deliver cocaine and two of the other felony charges.  The assistant prosecutor informed the judge that if Petitioner was convicted at trial, she would be asking for a minimum sentence of 26 and-a-half years, at the top of the minimum guidelines range, plus two additional years for the felony firearm charges.  The prosecutor also asked that the judge not to abide by the *Cobbs* agreement for the 2017 convictions and asked for a sentence at the high end of

3

those guidelines. She also asked that those sentences be served consecutively to the 2018 convictions, bringing the total minimum sentence to 32 and-a-half years. (*Id.,* PageID.441-43).

    The following exchange occurred between the judge and the prosecutor:

    The Court: The *Cobbs* was on the original cases prior to this case, correct?

    Ms. Oster (the assistant prosecutor): The *Cobbs*.

    The Court: Prior to the new case.

    Ms. Oster: There was a *Cobbs* that was county jail time on the three hand-to-hands.

    The Court: Right.

    Ms. Oster: And then there was, I believe that Ms. Barkovic [Petitioner's prior defense counsel] had, had this Court, an agreement with 17 and-a-half years, which would be total, including felony firearm, and I said the People, at the time, if he's willing to plead guilty on that case, the People would not object to concurrent sentencing on the underlying three hand-to-hands with this new 2018 case.

    The Court: Okay. But at this point, there's no *Cobbs* on any of these cases.

    Ms. Oster: That's correct.

(*Id.*, PageID.443-44).

    On June 11, 2018, Jackson pleaded no-contest to all of the charges pending against him, which included twelve separate counts and the habitual fourth offender notice. (ECF No. 9-10, PageID.460, 463-68). Petitioner was advised of

the rights that he would give up by pleading. Petitioner also informed the judge that he was pleading no-contest freely and voluntarily and that there had been no threats or promises made to get him to plead. (*Id.*, PageID.468-71). The parties stipulated to the trial court reading a request for warrant authorization to establish the factual basis for the crimes. (*Id.,* PageID.460, 471-72).  The parties further stipulated to a hospital report which reflected that a victim in one of the vehicles struck by Petitioner sustained an injury and that a firearm located in Petitioner's vehicle had been reported stolen. (*Id.*, PageID.460-61).

On August 8, 2018, the trial court sentenced Petitioner on all of his convictions.  For his 2017 convictions, he received 42 months to 30 years. On the 2018 convictions Petitioner was sentenced to various terms, most notably to 10 years to 30 years for six of his convictions. The 2018 convictions were to run consecutive to the 2017 convictions. (ECF No. 9-10, PageID.486).

The Michigan Court of Appeals granted Petitioner's application for leave to appeal as to the issue of whether Offense Variable (OV) 19 had been correctly scored.  Petitioner's application for leave to appeal was rejected as to all other issues.  The case was then remanded to the trial court for resentencing. *People v. Jackson,* No. 347886 (Mich. Ct. App. May 21, 2019) (ECF No. 9-10, PageID.242).

On remand, the prosecutor conceded that OV 19 was incorrectly scored. The trial judge, however, imposed the same sentences when resentencing Petitioner.

Following remand, Petitioner's conviction and sentences were affirmed. *People v. Jackson,* No. 347886, 2020 WL 2505293 (Mich. Ct. App. May 14, 2020); *lv. den.* 507 Mich. 953, 959 N.W.2d 493 (2021).

Petitioner seeks a writ of habeas corpus on the following grounds:

I . Ineffective assistance of counsel for failing to request an independent test of the controlled substance cocaine.

II. Ineffective assistance of counsel for failing to challenge his sentence under the grounds that it violated the trial court's *Cobbs* evaluation.

III. The trial court failed to establish the factual basis for Jackson's conviction of possession with intent to deliver 50 to 449 grams of cocaine.

## II.

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Petitioner's claims were raised on his initial direct appeal. The Michigan Court of Appeals denied Petitioner's claims in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied Petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an

unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 99-100.

The AEDPA deferential standard of review applies to Petitioner's claims where the Michigan Court of Appeals rejected these claims "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell*, 692 F.3d 486, 492-94 (6th Cir. 2012).

### III.

The Court discusses Petitioner's claims together for judicial economy. Petitioner claims that: (1) counsel was ineffective for failing to have an independent test conducted to determine the weight of cocaine found in his car, (2)

8

counsel was ineffective for failing to object to the sentences imposed because they violated the *Cobbs* agreement that the judge entered into with Petitioner, and (3) there was an inadequate factual basis to support Petitioner's no-contest plea to the possession with intent to deliver cocaine charge.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner's first and third claims have been waived by his no-contest plea.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A no-contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F.2d 24, 25 (6th Cir. 1982); s*ee also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005). Pre-plea claims of ineffective assistance of trial counsel are considered non-jurisdictional defects that are waived by a guilty or no-contest plea. *See Hawkins v. Rivard,* No. 16-1406, 2016 WL 6775952, at *5 (6th Cir. Nov. 10, 2016); *United States v. Stiger,* 20 F.

9

App'x 307, 309 (6th Cir. 2001); *Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002). Petitioner's claim that trial counsel was ineffective for failing to have an independent test performed to determine the weight of the cocaine is a pre-plea ineffective assistance of counsel claim that has been waived by Petitioner's no-contest plea.

By entering into a no-contest plea, Petitioner also waived his right to challenge the sufficiency of the evidence to convict him of the possession with intent to deliver cocaine charge. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *see also U.S. v. Hawkins*, 8 F. App'x 332, 334 (6th Cir. 2001). Moreover, a habeas petitioner's claim that there was an insufficient factual basis for a guilty or no-contest plea is non-cognizable on habeas review. *See Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Id.* While M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting a guilty or no-contest plea, the failure of a Michigan trial court to comply with this rule does not establish a basis for habeas relief. *Id.* "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir.1995). Petitioner is not entitled to relief on his third claim.

In his second claim, Petitioner argues that trial counsel was ineffective for failing to object to the sentences imposed because they violated the terms of the *Cobbs* agreement entered into with the judge.

In *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), the Michigan Supreme Court authorizes a judge to preliminarily indicate the appropriate length of sentence, if the defendant pleads guilty or no-contest; if the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. *See* M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x 701, 703, n.1 (6th Cir. 2007).

An unfulfilled state promise obtained in return for a guilty or no-contest plea will entitle a habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001). Moreover, any promises made by a judge in the course of a guilty or no-contest plea colloquy operate as a promise made by the state in exchange for a defendant's waiver of rights and guilty plea. *See Spencer v. Superintendent, Great Meadow Corr. Facility,* 219 F.3d 162, 168 (2d Cir. 2000). Nonetheless, a federal court on habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

Absent extraordinary circumstances, or some other reason why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial judge

11

scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Id.* Plea agreements are to be strictly construed. *See United States v. Brummett,* 786 F.2d 720, 723 (6th Cir. 1986).

Petitioner is not entitled to relief on this claim for two reasons.

First, the record is clear that the judge never entered into a *Cobbs* agreement with Petitioner with respect to his 2018 convictions. In fact, the record clearly establishes that the judge declined to enter into a *Cobbs* agreement with Petitioner regarding the 2018 charges. (ECF No. 11-9, PageID.852).

Secondly, even if the *Cobbs* agreement that was entered into by the judge in 2017 originally applied to the 2017 charges, Petitioner's commission of the new charges while on bond for the 2017 charges forfeited his ability to enforce the original *Cobbs* agreement.

There is one exception to the *Cobbs* rule. M.C.R. 6.310(B)(3) states:

(3) Except as allowed by the trial court for good cause, a defendant is not entitled to withdraw a plea under subsection (2)(a) or (2)(b) if the defendant commits misconduct after the plea is accepted but before sentencing. For purposes of this rule, misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing.

12

M.C.R. 6.310(B)(3) "clarifies that a defendant's misconduct that occurs between the time the plea is accepted and the defendant's sentencing may result in a forfeiture of the defendant's right to withdraw a plea in either a *Cobbs* or *Killebrew* case." *People v. Martinez*, 307 Mich. App. 641, 649, 861 N.W.2d 905, 910, n.5 (2014) (citing Mich. Ct. R. 6.310(B)(3) (Staff Comment to 2014 Amendment).

Petitioner violated the condition of his bond on his 2017 charges by committing new offenses that he pleaded no-contest to in 2018. The judge's *Cobbs* agreement with Petitioner was conditioned on Petitioner not violating the terms of his bond or engaging in other forms of misconduct between the plea and sentencing. When Petitioner committed new criminal offenses, he violated a condition of his bond. Petitioner's actions contravened a court order, thus, Petitioner violated the terms of the sentencing agreement and forfeited the right to withdraw his guilty plea in his 2017 case and/or seek enforcement of the original *Cobbs* agreement. *See Burch v. Maclaren*, No. 2:14-CV-13984, 2015 WL 4599856, at *5 (E.D. Mich. July 29, 2015). "A criminal defendant who breaches the terms of the plea agreement forfeits any right to its enforcement." *Id.* (citing *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000)).

For the reasons stated above, Petitioner failed to show that there had been a breach of the plea agreement. Since neither the judge nor the prosecutor breached

13

the plea or sentencing agreement, counsel would have no reason to object and was not ineffective for failing to do so. *See Wright v. United States*, 320 F. App'x 421, 424 and n. 1 (6th Cir. 2009). Petitioner is not entitled to relief on his second claim.

The Court denies the petition for a writ of habeas corpus. The Court also denies Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, Petitioner is denied a certificate of appealability because reasonable jurists would not find this Court's assessment of Petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d

871, 885 (E.D. Mich. 2002). Petitioner is denied leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

DATED: August 7, 2023